81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto Ivan MARTINEZ-PORTOBANCO; Alba Luz Guadamuz De
Martinez; Ivan Sebastian Martinez-Guadamuz;
Marjorie Yusseth Martinez-Guadamuz;
Eunice Geraldine
Martinez-Guadamuz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70466.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1995.
Decided April 5, 1996.
 
 1
 Before: BOOCHEVER and REINHARDT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ernesto Ivan Martinez-Portobanco and his family petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their application for asylum. The BIA found that Martinez-Portobanco's account of his persecution in Nicaragua was not credible.
 
 
 4
 Under 8 U.S.C. § 1158(a), the Attorney General has discretion to grant an alien asylum if the alien is a refugee. "[A]n alien qualifies for refugee status and is eligible for asylum if he can demonstrate a well-founded fear of persecution." Aguilera-Cota v. INS, 914 F.2d 1375, 1378 (9th Cir.1990) (citing Cardoza-Fonseca v. INS, 767 F.2d 1448, aff'd, 480 U.S. 421 (1987)). The alien must show that his fear is objectively reasonable and subjectively genuine. Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995). To satisfy the requirement that the fear be objectively reasonable, the alien has the burden to show facts "by credible, direct, and specific evidence in the record that would support a reasonable fear of persecution." Id. (quotations omitted). The alien's credible and persuasive testimony may suffice. Aguilera-Cota, 914 F.2d at 1378.
 
 
 5
 The BIA's factual determination whether the alien has demonstrated a "well-founded fear of persecution" is reviewed for substantial evidence. Ghaly, 58 F.3d at 1429. "We will reverse the Board only where the evidence is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed." Id.
 
 
 6
 In cases such as this, when the BIA conducts a de novo review of the record, this court reviews only the decision of the BIA. Id. at 1430. Nevertheless, we accord substantial deference to the credibility findings of the immigration judge ("IJ") if supported by specific, cogent reasons. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994); Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994). Inferences based solely on demeanor, or "testimonial inferences," are entitled to "special deference." Paredes-Urrestarazu v. INS, 36 F.3d 801, 818 (9th Cir.1994) (quotations omitted).
 
 A. Martinez-Portobanco's credibility
 
 7
 The BIA noted that the IJ had articulated the reasons for his negative credibility finding, and agreed that the "radical inconsistencies" in Martinez-Portobanco's two asylum applications justified a finding that his second application was not credible. Finding Martinez-Portobanco's explanation for the discrepancy between the first and second applications unsatisfactory, the BIA concluded that his testimony did not meet his burden of proving past persecution, especially given the lack of corroborating evidence.
 
 
 8
 Minor inconsistencies, misrepresentations, or omissions cannot alone constitute the basis for an adverse credibility finding. Aguilera-Cota, 914 F.2d at 1382. "[G]ross inconsistencies" which are "not incidental ... [but rather] involve[ ] the heart of the asylum claim," however, can support a finding that the alien is not credible. Ceballos-Castillo v. INS, 904 F.2d 519, 520 (9th Cir.1990) (major inconsistencies between asylum application, testimony, and declaration justified finding of incredibility).
 
 
 9
 The discrepancies between the two asylum applications filed by Martinez-Portobanco are not trivial, nor did he file the applications on his own without assistance of counsel. Martinez-Portobanco was represented by counsel on his first application, and was further interviewed by an INS officer regarding the application. In that application, Martinez-Portobanco described one brief detention and questioning following a demonstration. After discussing this incident with Portobanco, the INS officer noted on the application that this event did not constitute detention or mistreatment.
 
 
 10
 By contrast, the second application, also prepared with the assistance of (different) counsel, chronicles nine instances of arrest, detention totalling more than four and a half months, and severe beatings and torture twice requiring hospitalization upon his release. These qualify as gross inconsistencies going to the heart of his asylum claim. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (unexplained discrepancies between applications regarding number of incarcerations and severity of mistreatment justified IJ's finding of lack of credibility).
 
 
 11
 An applicant for asylum cannot be expected to produce corroborating evidence of each instance of persecution. See Ramos-Vasquez v. INS, 57 F.3d 857, 862-63 (9th Cir.1995). Nevertheless, Martinez-Portobanco chose to submit some corroboration, in the face of the discrepancies between the applications and the unquestionable severity of the incidents described in the second application. The letters from Nicaragua attached to the second application do not corroborate any specific instance of detention or torture, other than stating generally that Martinez-Portobanco left Nicaragua because he was the "object of persecution by the Sandinista regime" and because "the Sandinista mobs jailed him and was [sic] persecuted by the divine mobs."
 
 
 12
 In his testimony, Martinez-Portobanco first stated that there were no inconsistencies. He explained that he did not know the system very well, and that his first attorney did not orient him well or tell him that it was necessary to mention the times he was arrested. Martinez-Portobanco said the applications changed so much "because of the information that you obtain here in the United States and also because of the news about Immigration that comes out on the radio.... I learned here through the news that here you have to present fully, completely your case without restricting anything, not holding back anything."
 
 
 13
 The BIA agreed with the IJ that those explanations were unconvincing, and noted that although Martinez-Portobanco also pleaded his lack of education, he stated in his first application that he had ten years of schooling, changed in his second application to seven. Beyond the specific reasons for disbelief cited by the BIA, the IJ also stated that, through his careful observation of Martinez-Portobanco during his testimony, he found his statements about his arrest record in Nicaragua "incredible and uncorroborated."
 
 
 14
 We do not disturb the BIA's and IJ's conclusion that Martinez-Portobanco was not credible, given the deference accorded to credibility findings. The IJ and the BIA carefully cited their reasons for disbelieving the second written application, and were not satisfied by the vague oral testimony explaining the discrepancies. It is also difficult to believe that any asylum applicant would not immediately include a description of at least some of numerous lengthy periods of incarceration, interrogation, torture, and attendant hospitalization in a first asylum application, especially one prepared with the assistance of counsel and reviewed with an INS officer. Further, the IJ found Martinez-Portobanco's demeanor unconvincing, an observation entitled to special deference.
 
 
 15
 Even if we were to accept the first application's claim that Martinez-Portobanco was momentarily detained in the wake of an anti-government demonstration, the BIA found that the detention did not constitute persecution. Martinez-Portobanco does not challenge this finding on appeal. Apparently, he agreed that the brief incident did not qualify as persecution, as he did not even list the incident in his second application. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) ("Brief detention does not necessarily establish persecution.").
 
 B. Other grounds for asylum
 
 16
 Martinez-Portobanco does not raise the issue whether the IJ erred in observing that the election of Violeta Chamorro meant he did not have a well-founded fear of future persecution. We therefore do not address that issue.
 
 
 17
 Because Martinez-Portobanco failed to meet the requirements for asylum, we need not address whether the BIA's decision denying mandatory withholding of deportation was supported by substantial evidence. See Berroteran-Melendez, 955 F.2d at 1258 (if petitioner fails to meet requirements for asylum, court need not address whether more stringent standard for withholding of deportation was met).
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3